NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

## For the Seventh Circuit
### Chicago, Illinois 60604

Argued September 29, 2015
Decided October 5, 2015

Before

DIANE P. WOOD, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

| | |
|---|---|
| No. 13-3476 | Appeal from the United States District Court for the Southern District of Illinois. |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | |
| *v.* | No. 12-30291-001-GPM |
| MARTIN EVANICK, *Defendant-Appellant.* | G. Patrick Murphy, *Judge.* |

## Order

After pleading guilty to producing child pornography, 18 U.S.C. §2251(a), Martin Evanick was sentenced to 235 months' imprisonment plus supervised release. He contests that sentence on appeal.

The parties have agreed that a full resentencing is required by *United States v. Thompson*, 777 F.3d 368 (7th Cir. 2015), and its successors, such as *United States v. Kappes*, 782 F.3d 828 (7th Cir. 2015), because the district judge did not adequately discuss and justify the discretionary terms of supervised release.

   Evanick contends that we should go further and hold that 235 months is an unreasonably long term of imprisonment, even though it is within a properly calculated Guideline range. But it would be premature to address that subject. The district court will resentence Evanick, potentially with the benefit of an expanded record, and may choose a lower term of imprisonment. If the judge gives a term of 235 months or more (resentencing can lead to longer as well as shorter terms), that decision will be accompanied by new reasons. And all of this will be done by a different district judge, the judge who imposed the existing sentence having retired. It is best to allow the district court to complete the process of resentencing before the court of appeals addresses any complaint about the reasonableness of the result.

   The judgment is vacated, and the case is remanded for resentencing.